**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

<table>
<tr>
<td>

D. A. and J. A., on behalf of themselves and as legal guardians and parents of M.A., an individual with a disability,

     Plaintiffs - Appellants,

v.

MERIDIAN JOINT SCHOOL DISTRICT NO. 2,

     Defendant - Appellee.

</td>
<td>

No. 14-35081

D.C. No. 1:12-cv-00426-CWD

MEMORANDUM[*]

</td>
</tr>
</table>

Appeal from the United States District Court
for the District of Idaho
Candy W. Dale, Chief Magistrate Judge, Presiding

Argued and Submitted April 8, 2015
Seattle, Washington

Before: FERNANDEZ, HAWKINS, and CALLAHAN, Circuit Judges.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

All parties agree that Matthew has Asperger's Syndrome, a high functioning form of autism.[1] This appeal is by Matthew's parents (the Parents) from the district court's affirmance of the hearing officer's determination that Matthew, despite having Asperger's Syndrome, was not in need of special education services under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400. We conclude that the Parents have not carried their burden of showing that the hearing officer erred in excluding certain proffered evidence or that the district court and the hearing officer failed to consider both non-academic and academic factors in reviewing the conflicting evidence. Accordingly, we affirm.[2]

**1.** The Parents have not shown that the district court erred in affirming the hearing officer's exclusion of certain evidence. The first proceeding before a hearing officer was brought by Meridian School District (MSD) seeking confirmation of its refusal in February 2011 to prepare an Independent Educational Evaluation (IEE) for Matthew. The second proceeding, from which this appeal arises, was initiated by the Parents after the IEE had been prepared, and after MSD,

---

[1]     Matthew is now an adult, but during most of the underlying legal proceedings he was a minor and was referred to as M.A.

[2]     The related appeals by Meridian School District are decided in an opinion filed concurrently with this memorandum disposition.

2

having reviewed the IEE, determined that Matthew did not need special education services.

The Parents sought to admit documents and testimony from the first proceeding as evidence in the second proceeding, but the hearing officer declined to admit the evidence. The Parents argued that the first hearing officer had found that Matthew needed special education services and sought the admission of the testimony of their experts in the first hearing, Dr. Webb and Dr. Beaver, claiming that Dr. Webb was unavailable during the course of the second hearing. The hearing officer declined to admit the evidence because: (1) he was reviewing evidence as to Matthew's needs in the fall of 2011, not his needs at a prior time; (2) much of the evidence presented in the prior hearing had been incorporated into the IEE; and (3) the Parents had failed to show the particular relevance of the proffered evidence.

The Parents have the burden of proof in their challenge to the hearing officer's decision. *Schaffer v. Weast*, 546 U.S. 49, 62 (2005). We review the district court's evidentiary rulings for abuse of discretion, *E.M. v. Pajaro Valley Unified Sch. Dist. Office of Admin. Hearings*, 652 F.3d 999, 1003 (9th Cir. 2011), and a hearing officer's findings are entitled to some deference. *See Ashland Sch. Dist. v. Parents of Student E.H.*, 587 F.3d 1175, 1182 (9th Cir. 2009).

The Parents have not met their burden of showing that either the hearing officer or the district court erred in excluding their proffered evidence. Contrary to the Parents' contention, the first hearing officer specifically declined to determine whether Matthew needed special education services. In addition, much of the evidence the Parents sought to introduce had been incorporated into the IEE. Moreover, they did not make a persuasive showing to either the hearing officer or the district court that further testimony concerning Matthew's ability and actions, beyond that which had been incorporated into the IEE, was necessary to evaluate Matthew's needs in the fall of 2011. On this record, the Parents have failed to show that the excluded evidence was "relevant, non-cumulative and otherwise admissible." *E.M.*, 652 F.3d at 1006.

**2**. The Parents have not met their burden of proof, *see Schaffer*, 546 U.S. at 62, of establishing that Matthew needed special education services.

Under the IDEA, a "child with a disability" — that is a child for whom the IDEA mandates the provision of special education services — is a child with an impairment or disability "who, by reason thereof, needs special education and related services." 20 U.S.C. § 1401(3)(A)(ii). Here, all agree that Matthew has a recognized impairment or disability, Asperger's Syndrome. The issue is whether because of his Asperger's Syndrome, Matthew needed special education services.

4

The hearing officer was presented with irreconcilable evidence. The Parents' experts asserted that Matthew needed special services to benefit from his education, and MSD's experts claimed, based on their observations of Matthew in school, that he was benefitting from the general education curriculum, despite his autism. Indeed, the evidence indicated that in some instances Matthew was performing well above the Parents' experts' expectations. Although the Parents allege that MSD focused too much on Matthew's academic performance, the hearing officer and the district court noted that Matthew had done well in classes that emphasized pre-vocational and life skills. We have previously held, as the hearing officer noted, that hearing officers may give weight to the testimony of school personnel based on their experience with the child. *See N.B. v. Hellgate Elem. Sch. Dist.*, 541 F.3d 1202, 1212 (9th Cir. 2008). Our independent review of the record shows that MSD, the hearing officer, and the district court considered both academic and non-academic factors in concluding that Matthew, despite his autism, did not need special education services. The Parents have not met their burden of showing that this conclusion was erroneous or improper.

The district court's memorandum decision affirming the hearing officer's finding that MSD appropriately determined that Matthew was not eligible for special education services is **AFFIRMED**.[3]

---

[3]     MSD's request for attorneys' fees is denied.